

# The Attorney General of Texas

January 25, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
LBJ State Office Building
Austin, Texas 78744

Opinion No. MW-130

Re: Authority of a state official to adopt personnel policies and to bargain with a labor organization.

Dear Mr. Bullock:

You have asked several questions on the adoption of policies and regulations for employees in your office. We will deal with the first three questions as a unit, as they address the same basic issues.

1. After presentation of a grievance by an employee of the Comptroller's Office, may I unilaterally decide to adopt his or her suggestions concerning wages, hours of work or conditions of work?

2. If pursuant to a grievance presentation, I unilaterally decide to adopt the suggestions of an employee represented by a labor organization, may I also unilaterally decide to extend the adopted suggestions to all other employees similarly situated, whether or not they are represented by the labor organization?

3. If the answer to question 2 is "Yes", may the adopted suggestions be incorporated in the following:

   a. employee handbooks

   b. written statements of policy?

Wages, hours of work, and conditions of work are traditionally regulated by appropriations acts in this state. For example, the 1979 act prohibits granting of merit salary increases to classified employees except in accordance with standards set forth in the act. General Appropriations Act, Acts 1979, 66th Leg., ch. 843, art. V, § 1 (d). Salary changes as a result of

demotions are governed by article V, section 1 (f), and certain aspects of hiring are subject to article V, section 1 (j).  State employees' hours of work and holidays are subject to article V, section 6, while vacations are governed by article V, section 7.

Articles 5165 and 5165a, V.T.C.S., set forth requirements for daily and weekly work hours of state employees.  The Comptroller has statutory authority to organize and manage the department as necessary for the efficient conduct of the work.  See V.T.C.S. arts. 4344, § 2; 4344b.  See also V.T.C.S. art. 4362.  Thus you may institute changes regarding wages, working hours, and working conditions, either on your own accord or in response to an employee's suggestion, but any changes must be consistent with relevant provisions of the appropriations act and general law.  You must also avoid the creation of claims inconsistent with state law and policy, such as creation of a vested right to a state job.

The Comptroller's decisions will necessarily be unilateral.  The agency head is always acting unilaterally when he adopts policies or procedures within the discretion granted him under the constitution or by statute.  Likewise, it should be noted that the statutory prohibition against collective bargaining with state employees implies unilateral action by agency administrators. V.T.C.S. art. 5154c.

Any suggestion adopted as to an employee, whether a union member or not, should also be adopted as to other employees similarly situated.  Article 5154c, section 4 declares a state policy that no person should be denied employment because of membership or nonmembership in a union.  Likewise, no person should be denied benefits granted another in the same job classification on the basis of membership, or lack thereof, in a union.

Any policy which the Comptroller promulgates may be incorporated into his written statements of policy, or employee handbooks.  This action is within the discretionary powers of the Comptroller as administrator of the agency.

You have also asked the following:

4.    Must I extend unilaterally adopted suggestions of individual employees to all other employees similarly situated to insure compliance with the Federal Equal Employment Opportunity Act or any other law?

5.    If I adopt the suggestions of an aggrieved employee, how and under what circumstances may such adopted suggestions be enforced, nullified or altered?

We believe our answers to your first two questions also provide answers to these questions.

Your final question is:

6.    Is my office legally prohibited from deducting state employees' wages upon their written authorization and forwarding such deductions to the treasurer of a labor organization?

We find no express prohibition against your office making payroll deductions from an employee's paycheck when you are expressly authorized to do so by the employee. There are statutes which specifically require the Comptroller to make deductions from employees' paychecks. See V.T.C.S. art. 695h, § 6 (social security); art. 6228a, § 8 (retirement), art. 6252-3, § 2 (bond purchases); art. 6252-3b, § 2 (deferred compensation); Educ. Code § 3.57 (teacher retirement); General Appropriations Act, art. V, § 3 (withholding). We do not believe, however, that these provisions which mandate that the Comptroller take certain actions, impliedly prohibit him from exercising his discretion in determining to make other deductions when the employee requests and when you determine that it is administratively feasible. Of course, any program to make deductions requested by the employee should be conducted at no expense to the State, and the employee's request to have such deductions made should be entirely voluntary and in writing. See V.T.C.S. art. 5154e. So long as these criteria are met, the Comptroller may, in his sole discretion, determine to establish a program for employee authorized deductions.

## S U M M A R Y

1) Within the legal limitations noted above, the Comptroller may adopt the suggestions of employees regarding wages, hours of work and conditions of work.

2) Suggestions adopted as to one employee may be adopted as to other employees similarly situated.

3) Suggestions adopted by the Comptroller may be incorporated into employee handbooks and written statements of policy.

4) The Comptroller has the discretion to make payroll deductions from state employees' wages upon their written authorization.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by William Goodman,
Ronald Luna and Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William Goodman
Ronald Luna